# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 2:02-CR-00052-RWS |
| IRVIN LAMAR SIMPSON, | : | |
| | : | CIVIL ACTION NO. |
| Movant. | : | 2:04-CV-0097-RWS |

## ORDER

On October 2, 2004, Movant Irvin Lamar Simpson ("Movant") was convicted on two counts of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base. The second count upon which Movant was convicted–the focus of the instant Motion–charged that he possessed at least five grams of such a mixture and substance, subjecting him to punishment under 21 U.S.C. § 841(b)(1)(B)(iii). He was sentenced to 240 months imprisonment on Count I and 360 months imprisonment on Count II, to be served concurrently.

After an unsuccessful appeal to the Eleventh Circuit and the denial of certiorari by the United States Supreme Court, Movant submitted a timely 28 U.S.C. § 2255 Motion [64] in this Court seeking to vacate and modify his

sentence. In that Motion, he alleges ineffective assistance of counsel[1] and due process violations, the latter of which (Grounds Four and Five) relate to the Court's consideration at sentencing of state court convictions that Movant alleges were themselves unconstitutional.

Movant filed a Motion to Hold Grounds Four and Five in Abeyance [66] because they were not ripe at the time he filed his § 2255 Motion.  By Order [74] entered February 15, 2005, the Court granted Movant's Motion to hold those claims in abeyance.  On November 2, 2009, Movant filed a Motion to Restore Section 2255 Motion [117] in which Movant stated he had dismissed his challenge to the Muscogee County Superior Court conviction and was denied habeas relief in the Hall County Superior Court proceeding.  Movant represented that he has terminated and exhausted his state collateral proceedings that are relevant to the instant proceeding.  Thus, Movant moves the Court to restore proceedings in this action to the active calendar so that the Report and Recommendation previously submitted may be considered.  Movant's Motion

---

[1]In his original Motion, Movant alleged three instances of ineffective assistance of counsel.  However, in his Traverse [73] to the Government's Response, Movant withdrew grounds two and three.  Thus, the only allegation of ineffective assistance of counsel remaining is counsel's failure to file a motion to suppress.

2

[117] is **GRANTED**, and the Court shall proceed to consider the Report and Recommendation.

By Order [80] entered August 26, 2005, the Court referred this case to Magistrate Judge Susan S. Cole for appointment of counsel for Movant and to hold an evidentiary hearing on the issue of whether Movant received ineffective assistance of counsel with regard to the possible suppression of the evidence seized at 925 Cooley Drive. Judge Cole issued a Report and Recommendation ("R&R") [105] in which she found that exigent circumstances were not present to excuse the officers from obtaining a warrant before seizing the contraband; that the seizure of the contraband could not be justified under the plain view doctrine; and that Movant's trial counsel provided ineffective assistance by failing to file a motion to suppress evidence seized at 925 Cooley Drive. Thus, Judge Cole recommended that Movant's conviction on Count Two of the Indictment be vacated.

After reviewing the Report and Recommendation, the Government's Objections [109][2], and Movant's Response [112 and 113] to the Objections, the

---

[2] Movant filed a Motion to Strike Objections [110] charging that the Government's Objections were untimely. Prior to filing its Objections, the Government filed a Motion for Extension of Time to File Objections [106] which

Court enters the following Order.

With the exception of the conclusions in the R&R regarding ineffective assistance of counsel, the Court receives the Report and Recommendation with approval and adopts it as the Opinion and Order of this Court. As to the issue of ineffectiveness of counsel, the Court reaches the following conclusions.

The Court adopts the analysis of the applicable law as set out in the R&R. The undersigned declines to accept the R&R's application of the law to the facts of this case. The undersigned concludes that Movant's trial counsel was not ineffective in failing to file a motion to suppress the evidence seized at 925 Cooley Drive because counsel reasonably believed that Movant lacked standing. Movant's trial and appellate counsel, William Morrison, testified that he met with Movant approximately six (6) times prior to trial, and they discussed the charges as well as the cocaine seized from under the house at 925 Cooley Drive. (T-62-63).[3] Mr. Morrison testified about a July 24, 2002 meeting with Movant:

────────────────

Motion was granted by Order [107] entered February 15, 2008. Therefore, Movant's Motion to Strike [110] is **DENIED**.

[3] References to the Transcript [89] of the evidentiary hearing held in the Magistrate Court will be referred to as follows: (T-).

It's my practice to take notes during interviews with clients and
while I'm reviewing discovery and at any other portion of the case.
I've got with me right now and I'm reviewing those as I'm
testifying. I have a note dated July 24th, 2002. It says, conference
with Defendant, Hall County Jail. And my notes reflect–and I have
written down grandmother owned house and uncle owned house,
and then I've got Black and a dates of transactions 11-17-2000,
12-17-2000, and then I've got some other notes about a Grand Jury
proceeding and I've got the name of someone else.
So it would be my conclusion that on that date I did discuss with
him some nexus as to the houses. But just to get to your next
question, he never informed me that he lived at the location where
the items that are the subject of this hearing were seized.

(T-52-53).

In a September 18, 2002 meeting with Mr. Morrison, Movant stated:

that he was 32 years old, that he had 2 children, that he lived at 2467
Floyd Road. He told me that it was one block away from the location
where the transactions took place. He said it was a trailer. He lived there
with his father. He said that, again, that it was his grandmother's house,
his uncle was Isaac Simpson, and he was referring to the Cooley Road
and Black Road addresses at that time.

(T-55).

Mr. Morrison also described Movant's hesitancy to be forthcoming with

information about his case:

Mr. Simpson was very hesitant to discuss his involvement with me. If
my memory serves me correctly, when I reviewed the video tapes with
Mr. Simpson, it was fairly clear to me that the individual depicted in the
video tapes that the Government believed was Mr. Simpson, was, in fact,

5

Mr. Simpson. But I don't recollect whether or not Mr. Simpson ever
directly and unequivocally said to me, yes, that is me in the video.

(T-63).

Mr. Morrison testified that he could not "specifically recall whether or

not [he] asked him specifically, did you live at either of those locations." (T-

53). But, he stated, "My notes reflect that I probably asked him something that

would have elicited that information had he lived at that particular location."

(T-65). Mr. Morrison testified that he had no reports in his file reflecting that

Movant lived at 925 Cooley Drive at the relevant time. (T-53). Specifically,

Mr. Morrison testified that the incident reports of law enforcement listed

addresses other than 925 Cooley Drive for Movant's residence. (T-76). Mr.

Morrison admitted that he did not approach the seizure issue as one of standing.

(T-65-66).

The question before the Court is whether, under these circumstances,

counsel was ineffective for not investigating further the connection that Movant

may have had with 925Cooley Drive.[4] The suggestion is made in the R&R that

---

[4]Based on the present record the Court is not necessarily convinced that 925
Cooley Drive was Movant's residence at the time in issue. However, for purposes of
this Order, the Court has assumed that it was.

AO 72A
(Rev.8/82)

counsel had a duty to suggest to Movant that "if he was residing at 925 Cooley Drive or was a guest of the owner or then current occupant on May 10, 2001," then counsel could move to suppress the evidence seized at 925 Cooley Drive. (R&R at 30-31).  While the Court agrees that counsel has a duty to fully investigate his client's case and all legitimate defenses, the Court does not find counsel to be ineffective for not accepting, without further investigation, his client's representations concerning such basic facts as his place of residence. Nor does the Court find that counsel is ineffective if he does not frame his questions to his client with the legal consequences of his client's possible responses.  Movant told Mr. Morrison that he lived at 2467 Floyd Road (T-55). The Court is unwilling to conclude that in spite of that representation by his client, Mr. Morrison would be ineffective if he did not advise the Movant that if he lived at 925 Cooley Drive, the evidence against him could possibly be suppressed and then make further inquiry about his residence.[5]

The Court recognizes that counsel did not focus on the standing issue

---

[5]The Court is not suggesting that counsel should not make a client aware of the legal consequences of his responses.  Rather, the point here is simply that an attorney should not be found ineffective for accepting, without further investigation or inquiry, a representation by his client about the client's residence, especially when that representation is corroborated by other evidence.

AO 72A
(Rev.8/82)

because he felt that the search was permissible under the plain view doctrine or due to exigent circumstances. Though the Court finds that counsel was mistaken in his conclusions concerning those issues, the record does not suggest that counsel simply ignored the seizure issue. Relying upon Movant's own statement as well as records related to Movant, Mr. Morrison reasonably assumed standing was lacking.

Therefore, the Court concludes that Mr. Morrison was not ineffective for failing to file a motion to suppress the evidence seized at 925 Cooley Drive. Accordingly, the Section 2255 Motion [64] is hereby **DENIED**. Also, Movant's Motion for Discovery[6] [67] and Movant's Motion to Strike [110] are **DENIED**.

**SO ORDERED** this __27th__ day of January, 2009.

_Richard W. Story_

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[6]Movant filed a Motion for Discovery [67] seeking evidence in opposition to any claim by the Government that the seizure in question was justified by exigent circumstances. In light of the Court's finding that exigent circumstances did not exist to excuse the officers from obtaining a warrant, discovery by Movant as to this issue is unnecessary.

AO 72A
(Rev.8/82)