# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | | |
|---|---|---|---|
| IRVIN LAMAR SIMPSON, | :: | CIVIL ACTION NO. | |
| Inmate # 53679-019, | :: | 2:04-CV-0097-RWS | |
|     Movant, | :: | | |
| | :: | CRIMINAL ACTION NO. | |
| v. | :: | 2:02-CR-0052-RWS | |
| | :: | | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE | |
|     Respondent. | :: | 28 U.S.C. § 2255 | |

## **ORDER**

Now before the Court is Movant Irvin Simpson's motion [128] for a certificate of appealability (COA), which he must obtain before appealing the denial of his 28 U.S.C. § 2255 motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). "The COA process begins in the district court when the [movant] files either a notice of appeal or a request for a COA." Jones v. United States, 224 F.3d 1251, 1255 (11th Cir. 2000) (citing Fed. R. App. P. 22(b); 11th Cir. R. 22-1; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997)).

A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). Although Slack involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. See Jones v. United States, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying Slack standard in § 2255 case). A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934 (11th Cir. 2009) (citing Miller-El v. Cockrell, 537 U.S. 322, 337, 342 (2003)).

The Magistrate Judge recommended granting Simpson's § 2255 claim that trial counsel provided him with constitutionally ineffective assistance by not filing a motion to suppress the 12.8 grams of cocaine base seized from the residence at 925 Cooley Drive on May 10, 2001, and used as evidence against Simpson at his trial. (Rep't and Recommendation [105].) This Court agreed with the Magistrate Judge that the search of the Cooley Drive residence may have violated the Fourth Amendment, but concluded that trial counsel was not ineffective for failing to file a motion to suppress the fruits of that search because counsel reasonably believed that Simpson lacked standing for such a challenge. (Order [121] at 3-4.) It is apparent

2

from these differing outcomes that reasonable jurists could debate whether Simpson's trial counsel was ineffective for not filing a motion to suppress.

Accordingly, Simpson's motion for a COA [128] is **GRANTED** on the following issue:

> Did Simpson's trial counsel provide him with constitutionally ineffective assistance by failing to investigate and file a motion to suppress the cocaine base seized at 925 Cooley Drive on May 10, 2001, and used as evidence against Simpson at his trial?

**IT IS SO ORDERED** this  29th  day of March, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

3

AO 72A
(Rev.8/82)